(No. 4427-)

FRANK LUSHER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1952.*

W. H. BECKWITH, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Frank Lusher, claimant, filed his claim herein on April 17, 1951 for injuries sustained as a result of an accident, which occurred on November 30, 1949.

On the date of November 30, 1949, claimant was 30 years old, married, but had no dependent children.

He was employed by the Division of Highways on a temporary basis, but the earnings and the hours of work place him within the maximum rate of compensation. On November 30, 1949, at approximately 1:30 P.M., claimant was working with a clean-up gang. The driver of the Division truck backed it a short distance, and struck claimant, who was in a stooping position, fracturing his right femur in the middle third. An ambulance was called, and he was first taken to the Pekin Hospital, and then to the St. Francis Hospital in Peoria where several operations were performed. He was attended by Dr. Hugh Cooper.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident arose out of and in the course of the employment.

The evidence showed that claimant had not worked for respondent for a year preceding the date of injury, and that other employees in a similar capacity worked less than 200 days, so the annual earnings would be computed by multiplying the daily rate of $8.00 by 200, which would make claimant's earnings $1,600.00 a year.

The Department has paid bills for doctor and hospital services in the total amount of $742.20.

Claimant was off work from the date of his injury to June 16, 1950, and from July 17 to August 6, 1950, at which time he returned to his regular duties. He was paid compensation for these periods of temporary total disability at the rate of $22.50 per week, in the total amount of $700.67. In the present case no claim was made for additional medical care, or for temporary total disability. The only question involved is the disability to his right leg. From a Departmental Report,

and especially from the report of Dr. Cooper dated November 13, 1950, as well as by evidence, including the report of Dr. Harold F. Diller, and by examination of the claimant, it is shown that he has only slight disability, and an award is made in favor of claimant for 10% loss of use of his right leg.

On the basis of this record, we make the following award:

For 10% permanent and complete loss of the use of the right leg, 19 weeks at $22.50 per week, or a total of $427.50, all of which has accrued, and is payable forthwith.

Ruth E. Cox was employed to take and transcribe the evidence in this case, and has rendered a bill of $20.60, which is found to be fair, reasonable and customary, and an award is entered for said amount.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".